Judge Underwood
delivered the opinion of the Court.
Ttirs was an action fora malicious prosecution, instituted by Crawley vs. Sanders. The bill of exceptions does not purport to set out all the evidence given on the trial of the cause. The motion for a new trial, therefore, cannot be sustained, upon the ground that the evidence did not support the verdict. We cannot decide that the court erred, because we have not all the evidence, in respect to the other points made in the case, we are of opinion that there is no sufficient cause for reversal, after verdict. The issue was not immaterial. If tiie property belonged to the plaintiff, in the circuit court, and he came lawfully and rightfully into the possession of it, which is averred in his replication, fee could not have been guilty of felony.
Probable cause for the prosecution might be made out, if another had stolen the property, and it had, thereafter, got into the hands of the plaintiff below;, but from the evidence, so far as it has been set out in the bill of exceptions, it is clear that the whole case turned on a felonious taking by the plaintiffj and it is also clear, that the defendant below, knew that the property belonged to the plaintiff, and that the only pretext for showing property in the defendant’s father, was the ceremony of posting the hogs, knowing at the time that the plaintiff owned them.
The strict rules of practice and pleading, observed by the English courts, have been greatly relaxed by *124 our acta of assembly, relative to civil proceedings, and by our statutes of jeofail. The declaration, in this case, presents substantially, a good cause of action; the verdict and judgment will constitute a perpetual bar to a second recovery, for the same cause, and the evidence, so far as it has been exhibited, would authorize the jury to conclude that the defendant below had been actuated by malice. We perceive no error in the refusal to give the instructions asked for by the defendant, and in the exposition of the law given by the court.
1’otition for re-bearing. i
Sanders and Bibb, for plaintiff; Crittenden, for defendant.
The judgment is affirmed with costs and damages.